UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

STEPHEN LEONARD
GUARDINO, JR.,

    Plaintiff,

v.                                      CASE NO. 3:18-cv-1455-J-32JBT

MARK ZUCKERBERG and
FACEBOOK,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**[1]

**THIS CAUSE** is before the Court on pro se Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, which the Court construes as a Motion to Proceed *In Forma Pauperis* ("Motion") (Doc. 2). For the reasons stated herein, the undersigned respectfully **RECOMMENDS** that the Motion be **DENIED** and this case be **DISMISSED**.

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

**I.     Standard**

Pursuant to 28 U.S.C. § 1915(a)(1), the Court may allow a plaintiff to proceed without prepayment of fees or costs where the plaintiff has demonstrated through the filing of an affidavit that he is "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Even assuming that the Motion sufficiently demonstrates that Plaintiff meets the financial criteria and is therefore entitled to proceed *in forma pauperis*, when such a motion is filed, the Court is also obligated to review the case pursuant to 28 U.S.C. § 1915(e)(2) and to dismiss the case if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court must also dismiss *sua sponte* an action if, at any time, it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

To avoid a dismissal, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do. *Id.*

While pleadings submitted by a pro se plaintiff "are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)

(per curiam), "[a] [pro se] complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading constitutes a 'shotgun pleading.' . . . prohibited by Rule 8(a)(2)." *Lampkin-Asam v. Volusia Cty. Sch. Bd.*, 261 F. App'x 274, 277 (11th Cir. 2008).[2]  As such, even pro se complaints that are "disjointed, repetitive, disorganized and barely comprehensible" may be dismissed. *Id.* at 276.

**II.   Analysis**

Plaintiff's Complaint (Doc. 1) does not meet the above requirements and is largely incomprehensible.  This is one of at least fifteen lawsuits filed by Plaintiff in this district in the last three months.  *See Guardino v. Flagler Hospital St. Augustine*, Case No. 3:18-cv-1389-J-32PDB (Doc. 5 at 1 n.1) (collecting cases).  Several of these cases, including this one, are based at least in part on Plaintiff's belief that ordinary aerial photographs taken from Google Earth contain hidden sexual, violent, and/or offensive images.  (*See id.* at 7 n.3) (collecting cases).  Although Plaintiff has not provided the Court with the photographs at issue in this case, he appears to be complaining about Google Earth photographs of Facebook's headquarters.  (Doc. 1 at 4.)

Aside from the allegations describing the sexual and/or offensive nature of the alleged hidden images in the subject photographs, the Complaint contains only random, unsupported, and implausible allegations that are insufficient to state any

---

[2] Although unpublished Eleventh Circuit opinions are not binding precedent, they may be persuasive authority on a particular point.

3

claim.  For example, Plaintiff alleges that Facebook is committing fraud and is not free because it requires identification, and that "a social security card = socialism." (*Id.*)  Plaintiff also alleges in conclusory terms that Defendants sexually exploit the public, and that Plaintiff is "not a sperm being served 24/7 as Facebook to President or anyone."  (*Id.*)   Plaintiff also seeks one billion dollars, and he requests that Defendants "[r]emodel area around offices . . . to be non sexual."  (*Id.*)

In sum, the undersigned recommends that the Complaint fails to state any claim, and that this action is frivolous because the allegations in the Complaint are "fanciful, fantastic, and delusional."  *See Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) (citations and quotations omitted).  Moreover, given the nature of the allegations in the Complaint, the undersigned recommends that amendment would be futile because Plaintiff cannot state any plausible claim.  *See Evans v. Ga. Reg'l Hosp.*, 850 F.3d 1248, 1254 (11th Cir. 2017) ("Although a pro se litigant generally should be permitted to amend [his] complaint, a district court need not allow amendment when it would be futile.").  Therefore, the undersigned recommends that the Motion be denied and this case be dismissed.

Accordingly, it is respectfully **RECOMMENDED** that:

1. The Motion (**Doc. 2**) be **DENIED**.

2. The case be **DISMISSED**.

3. The Clerk of Court be directed to terminate any pending motions and close the file.

**DONE AND ENTERED** at Jacksonville, Florida, on January 2, 2019.

*/s/ Joel B. Toomey*
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

The Honorable Timothy J. Corrigan
United States District Judge

Pro Se Plaintiff